# Computation of 90-Day Period for Preliminary Investigation Under the Special Prosecutor Act

The 90-day period for the Attorney General's preliminary investigation under the Special Prosecutor provisions of the Ethics in Government Act should be computed from the day when the specific information is effectively received by the Department of Justice. In this case, the 90-day period began to run when the Attorney General himself was apprised of the allegations against the Secretary of Labor, and ordered the preliminary investigation commenced.

December 21, 1981

## MEMORANDUM OPINION FOR
## THE ASSOCIATE ATTORNEY GENERAL

You have asked for the opinion of this Office concerning the timing of the commencement of the 90-day period for the Attorney General's preliminary investigation under the Special Prosecutor provisions of the Ethics in Government Act of 1978. 28 U.S.C. §§ 591–598 (Supp. III 1979). More particularly, you have asked whether the 90-day period commences at the moment that the first Department of Justice employee receives specific information that an official covered by the statute has committed a crime, even if the significance of that information relative to the Special Prosecutor provisions is not appreciated by the individual receiving it, the information is not reported to the Attorney General, or if the preliminary investigation process has not been initiated until a substantial period of time has elapsed.

You have asked this question in connection with allegations regarding the Secretary of Labor that were received by an Organized Crime and Racketeering Strike Force attorney and reported to a Strike Force Chief in New York sometime in September 1981. The information was not reported to the Criminal Division of the Department of Justice in Washington and to the Attorney General until December 1981, when a preliminary investigation under the Special Prosecutor provisions was immediately commenced.

For the reasons discussed below, we conclude that under the circumstances presented here, the 90-day period should be computed from the day when the information was effectively received by the Department in Washington and the preliminary investigation actually began.

397

## Discussion

The Special Prosecutor provisions of the Ethics in Government Act provide in pertinent part as follows:

> (a) The Attorney General, upon receiving specific information that any of the persons described in section 591(b) of this title has engaged in conduct described in section 591(a) of this title, shall conduct, for a period not to exceed ninety days, such preliminary investigation of the matter as the Attorney General deems appropriate.
>
> (b)(1) If the Attorney General, upon completion of the preliminary investigation, finds that the matter is so unsubstantiated that no further investigation or prosecution is warranted, the Attorney General shall so notify the division of the court specified in section 593(a) of this title, and the division of the court shall have no power to appoint a special prosecutor . . . .
>
> (c)(1) If the Attorney General, upon completion of the preliminary investigation, finds that the matter warrants further investigation or prosecution, or if ninety days elapse from the receipt of the information without a determination by the Attorney General that the matter is so unsubstantiated as not to warrant further investigation or prosecution, then the Attorney General shall apply to the division of the court for the appointment of a special prosecutor . . . .

28 U.S.C. § 592. In essence, the text of the statute provides that when the *Attorney General* receives specific information, the *Attorney General* shall conduct an investigation for a period not to exceed 90 days and the *Attorney General* shall make certain reports to the court. A strict construction of this text would lead to the conclusion that the 90-day period does not begin until the Attorney General himself receives the specific information. Although standing alone this is a very plausible construction of the clause dealing with receipt of the specific information, it is arguably not as persuasive an interpretation when considered in connection with the mandate in the succeeding clause for the Attorney General to conduct the preliminary investigation. Clearly, Congress did not intend that the Attorney General would personally conduct every aspect of the preliminary investigation.[1] Since the second clause might be read

---

[1] In addition to the strong argument that can be made on the basis of practice and common sense, the legislative history of the statute makes it quite clear that Congress did not anticipate that the Attorney General personally would participate in all aspects of the preliminary investigations required by the Act. *See, e.g.*, S. Rep. No. 170, 95th Cong., 1st Sess. 63 (1977).

generically to mean that the Department of Justice should conduct the preliminary investigation, it can be argued that this casts doubt upon the literal reading of the term Attorney General in the first clause.

In our view, however, there is no real inconsistency in the several uses of the term Attorney General in the text of the statute, and we have little doubt that the term connotes and recognizes a personal role for the Attorney General in implementing each phase of the Special Prosecutor provisions. As we read the text, the statute anticipated that the Attorney General would be apprised of specific information (either by his subordinates or by an outside source); that he would immediately direct a preliminary investigation; [2] and that he would make the determinations required by the Act within 90 days of his receipt of the information and commencement of the investigation.[3]

In light of the argument that could be made for a different construction of the text of the statute, and the importance of adhering closely to the congressional intent, we have also scrutinized the legislative history of the statute. We have not found that the legislative history expresses any clear congressional intent with respect to whether the 90-day investigation period commences with the receipt of information by the Attorney General or by any other Department of Justice employee. However, our review of the legislation history has convinced us that our position on this question is fully consistent with the principles behind the Special Prosecutor legislation and the specific interests that Congress intended to serve by providing for a 90-day preliminary investigation.

The legislative history identifies two somewhat conflicting interests to be served by the 90-day preliminary investigation. On the one hand, Congress limited the time to conduct a preliminary investigation because of a concern that Special Prosecutor matters be resolved promptly and credibly by an independent entity. This concern is reflected in the following statement from the Senate report on the bill:

> The statute contains a time limit on the period permitted for a preliminary investigation because the Committee

---

[2] "Conducting" an investigation does not necessarily mean physically and personally carrying out each and every phase of the investigation. As you know, federal criminal investigations ordinarily are executed by persons working under the general supervision and direction of the Attorney General pursuant to powers delegated by the Attorney General. *See generally,* 28 U.S.C § 531 and 28 CFR 0.55 and 0 85. In the same way, the Attorney General can be said to "conduct" a preliminary investigation under the Special Prosecutor provisions. The common definition of "conduct" embraces the concept of management, direction, or command. *See* Webster's Third New International Dictionary (1976) s.v. "conduct."

[3] Our interpretation is supported by the reference in 28 U.S.C. § 594 to the power and authority of the Special Prosecutor, who is expressly given "full power and independent authority to exercise all investigative and prosecutorial functions and powers of *the Department of Justice, the Attorney General, and any other officer or employee of the Department of Justice . . . .*" (Emphasis added.) Had the Congress intended that the 90-day preliminary investigation period commence instantly "upon [the receipt of] specific information" by any one of the Department's approximately 52,000 employees, it could have, and we presume it would have, used the language that it used in § 594.

did not want serious allegations of criminal wrongdoing against individuals described in subsection 591(b) to remain in the Department of Justice and not be referred to the court for the appointment of a temporary special prosecutor simply because the Department had not even begun to conduct an investigation of the matter. Similarly, the Committee did not want the Department of Justice to conduct the full investigation of serious criminal allegations against the individuals described in subsection (b) of section 591 since the premise of the statute is that there is an institutional conflict of interest for the Department of Justice to conduct the investigation and prosecution of such cases. Therefore, such matters should be referred to the court for the appointment of a special prosecutor as soon as a preliminary investigation has indicated that the matter warrants further investigation and prosecution.

S. Rep. No. 170, 95th Cong., 1st Sess. 54 (1977).[4]

On the other hand, Congress realized that some period of preliminary investigation by the Justice Department was necessary to weed out the frivolous cases from those of substance. *See* S. Rep. No. 170, *supra,* at 54. The preliminary investigation protects the interests of the subject official in avoiding the appointment of a Special Prosecutor on totally unsubstantiated or frivolous allegations. This concern for fairness to the subject was recently reiterated by the Subcommittee on Oversight of Government Management of the Senate Governmental Affairs Committee when it endorsed a proposed amendment to the Act that would permit limited extensions to the 90-day investigation in appropriate circumstances:

> Because of the serious consequences which a special prosecutor appointment has on the subject of the investigation, however, the Subcommittee believes that the special prosecutor process should not be triggered simply because the Department of Justice has been unable to complete the fact-finding necessary to make a proper determination within an inflexible time frame.

Subcommittee on Oversight of Government Management, Senate Governmental Affairs, 97th Cong., 1st Sess. 44, Special Prosecutor Provisions of Ethics in Government Act of 1978 (Comm. Print 1981).

---

[4] We recognize that the first sentence of this statement indicates a clear congressional intent that there be no unnecessary or deliberate delay by the Justice Department in initiating preliminary investigations. However, the last sentence of the statement makes it equally clear that Congress anticipated that there would be some preliminary investigation before a matter is referred to a Special Prosecutor. We believe that our construction of the statute makes it possible to achieve both of these goals.

In balancing these interests, we find that the purposes of the Act are best served by an interpretation that focuses on the effectiveness of the notice received, rather than on the instant of the receipt of the information by any Justice employee. Effective notice, in our view, must be notice sufficient to permit accomplishment of the purposes of the Act. For example, in this case we conclude that the information concerning the Secretary of Labor was not effectively received until December, when the information reached Washington, and the Attorney General ordered the preliminary investigation. Prior to this time, the Attorney General was incapable of either conducting an investigation or requesting a Special Prosecutor because he was unaware of the allegations. This construction guarantees that the subject official will have the benefit of as complete a preliminary inquiry as the Attorney General deems appropriate, within the constraints of the Act, including the 90-day investigative time limit. While we recognize that this approach may appear to favor the interest in fairness to a subject over the public interest in prompt resort to a Special Prosecutor where the circumstances require it, we believe that this is a proper result in this case, given the magnitude of each interest and the potential harm to each should full deference be given to the competing interest.[5]

We believe that the construction of the law we have articulated is the most faithful construction of its terms and congressional intent under the circumstances presented. Congress determined that a preliminary investigation was necessary in the interest of fairness to the accused and as a matter of institutional and public interest to protect against the appointment of special prosecutors every time a baseless, frivolous, or malicious accusation is made against a government official. A 90-day period was considered an appropriate time for such an inves-

---

[5] Of course, in determining the appropriate length of the preliminary investigation in particular cases, the Attorney General is obliged to consider the full facts and give appropriate deference to each of these interests. In this case, for example, he must consider the statute of limitations in determining what portion of the 90-day investigative period he should utilize. Certainly, an imminent expiration of the limitations period would increase the weight of the public interest in promptness, in the balance against the subject's interest in a fair and proper preliminary investigation.

Another factor that the Attorney General should consider in determining the length of this particular preliminary investigation is the possibility of conducting a sufficient and fair inquiry within a period of time as close as possible to 90 days of the Strike Force attorney's receipt of the information. In the past, the Department has been able to make a Special Prosecutor determination within 90 days of the first known receipt of specific information by a Department employee. In fact, the Criminal Division admonished its attorneys by memorandum dated April 5, 1979, that "the ninety days starts running when the information is 'received' by the Department (presumably including the FBI)." We concur completely with this admonition to employees to conduct themselves as if their receipt of any information that might trigger the Act marks the commencement of the 90-day period. While this Criminal Division memorandum does not purport to be a Department of Justice legal opinion, and does not, in our view, accurately state the law, it is a sound and prudent management requirement. It is in the interest of the Department, the subject official, and the public that the Department react quickly to any allegations of misconduct by high government officials.

Finally, you should be aware of another legal opinion prepared by this Office which discusses, for purposes of applying the "effective date" provisions of the Act, the time when information should be deemed received by the Department. In the situation at issue there, the information was received in pieces, and the problem was to determine when it became specific information sufficient to trigger the Act. There was no question of effective notice in that case.

tigation. Congress vested in the Attorney General responsibility for conducting an appropriate investigation to eliminate those charges, which are "so unsubstantiated that no further investigation or prosecution is warranted." It would be destructive of this intent—and contrary to the plain words of the statute—to construe the law in a way which can require the appointment of a Special Prosecutor before any investigation at all or after an unreasonably brief interval. Ninety days, or at least something close to it, should be available to the Attorney General for the preliminary investigation.

Our view concerning the commencement of the 90-day preliminary investigation period should not be construed as endorsing any system that would intentionally insulate the Attorney General from prompt notice of information triggering the requirements of the law, or approving any delay in the commencement of the period in a factual situation in which the Attorney General would be considered as having constructive notice of such information.

In reaching these conclusions, we have given considerable attention to the responsibility of all Department employees to see that the laws are faithfully executed. Although we are confident that the difficulties in implementing the statute in this case were the product of inattention, rather than bad faith, we think that the Attorney General may wish to consider taking corrective action to prevent such errors in the future. As you know, the Deputy Attorney General and the Criminal Division have in the past sent various directives to Department personnel designed to facilitate the prompt reporting of information, and the expeditious handling of Special Prosecutor matters (*see* note 5, *supra*). At the least, the Department should reiterate its advice to employees on this subject. We may also wish to explore the feasibility of a regulation that would delegate functions and set forth procedures for implementing the Special Prosecutor provisions. We would be happy to assist in such a project, should it be undertaken.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*